The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK FRANCIS COLACURCIO JR.,<br><br>Defendant. | NO. CR09-00209-RAJ<br><br>**PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS** |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture of Substitute Assets (the "Motion") seeking to forfeit to the United States, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B) and 32.2(e)(2), $19,608 in U.S. funds (the "Funds"), which are Defendant Frank Francis Colacurcio Jr.'s share of proceeds resulting from the City of Poulsbo's acquisition of real property and a temporary easement in Kitsap County, Washington, in order to partially satisfy Defendant's outstanding forfeiture money judgment.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture of Substitute Assets is appropriate because:

PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS - 1
*United States v. Colacurcio,* CR09-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- On June 23, 2009, Defendant was charged in an Indictment with *Conspiracy to Commit RICO – Racketeer Influenced and Corrupt Organizations)*, in violation of 18 U.S.C. § 1962(d) (Count 1); *Conspiracy to Engage in Money Laundering*, in violation of 18 U.S.C. § 1956(h) (Count 2); and *Mail Fraud*, in violation of 18 U.S.C. § 1341 (Counts 3-15). *See* Dkt. No. 1. The Indictment contained appropriate forfeiture allegations, including a provision for the forfeiture of substitute assets. *Id.*

- On June 25, 2010, Defendant pleaded guilty to *Conspiracy to Commit RICO – Racketeer Influenced and Corrupt Organizations)*, in violation of 18 U.S.C. § 1962(d) (Count 1). *See* Dkt. No. 265. In his Plea Agreement, Defendant agreed to forfeit his right, title, and interest in the various assets listed therein, all of which he agreed were forfeitable pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). *Id.*, ¶ 8. The property that Defendant agreed to forfeit included assets which Defendant acquired and maintained in violation of 18 U.S.C. § 1962; which afforded a source of influence over the racketeering enterprise named and described in Count 1 of the Indictment, which Defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962(d); and which are property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962. *Id.* Among the assets that Defendant agreed to forfeit was a money judgment in the amount of $1,300,000, which the parties agreed would be due and payable 12 months after the Final Order of Forfeiture was entered. *Id.*, ¶ 8(j).

- On September 24, 2010, this Court entered a Preliminary Order of Forfeiture forfeiting Defendant's interest in, *inter alia*, a money judgment in the amount of $1,300,000. *See* Dkt. No. 310. That same date, the Court

PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS - 2
*United States v. Colacurcio,* CR09-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentenced Defendant and incorporated the Preliminary Order of Forfeiture in the Judgment. *See* Dkt. No. 309.

- On January 3, 2013, this Court entered a Final Order of Forfeiture with respect to the money judgment in the amount of $1,300.000, which became due and payable 12 months thereafter. *See* Dkt. No. 354. The forfeiture money judgment became due and payable on January 3, 2014.

- On September 25, 2015, the United States recorded the Final Order of Forfeiture in Kitsap County, Washington, with respect to two parcels of land in which Defendant had an ownership interest, including parcel number 132601-4-008-2004. *See* Declaration of Deputy U.S. Marshal Rony Gilot in Support of Motion for Preliminary Order of Forfeiture of Substitute Assets ("Gilot Decl."), ¶ 7 & Exhibit A (Final Order of Forfeiture recorded with respect to parcel number 132601-4-008-2004).

- On May 21, 2024, the United States Marshals Service received a cashier's check in the amount of $19,608 (the Funds) from Pacific Northwest Title of Kitsap County (the "Title Company"). *See* Gilot Decl., ¶ 12. The Funds represent Defendant's 50% share of the proceeds from a real estate transaction involving parcel number 132601-4-008-2004, in which Defendant had a 50% ownership interest. *See* Gilot Decl., ¶¶ 11-12 & Exhibit C.

- Defendant has made no payments on his forfeiture money judgment, which is outstanding in its entirety, that is, $1,300,000. *See* Gilot Decl., ¶ 8.

- Even with the exercise of due diligence, the United States was unable to locate and recover all of Defendant's forfeitable property in this matter. *See* Gilot Decl. ¶ 13.

- The United States has satisfied the requirements of 21 U.S.C. § 853(p)(1)(A).

PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS - 3
*United States v. Colacurcio,* CR09-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The United States has established by a preponderance of the evidence that the above-identified $19,608 in U.S. funds (the Funds) is Defendant's property, may be forfeited as substitute property, and may be applied against the forfeiture money judgment, the outstanding balance of which is $1,300,000.

NOW, THEREFORE, THE COURT ORDERS:

1. Defendant's right, title, and interest in the above-identified $19,608 in U.S. funds is hereby forfeited as substitute assets and shall be applied toward his outstanding forfeiture money judgment;

2. The United States Department of Justice, and/or its authorized agents or representatives, shall maintain the above-identified $19,608 in U.S. funds in its custody and control until further order of this Court;

3. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and (e) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the funds as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least 30 days. For any person known to have alleged an interest in the above-identified funds, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the funds must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

   a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the funds;

   b. shall be signed by the petitioner under penalty of perjury; and,

PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS - 4
*United States v. Colacurcio,* CR09-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        c.     shall set forth the nature and extent of the petitioner's right, title, or interest in the funds as well as any facts supporting the petitioner's claim and the specific relief sought;

4. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the funds, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(b)(4) and (c)(2);

5. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing is conducted on the petition. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and (e)(2) and 21 U.S.C. § 853(n) and (p), reflecting that adjudication; and

6. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 13th day of June, 2024.

_____
The Honorable Richard A. Jones
United States District Judge

PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS - 5
*United States v. Colacurcio,* CR09-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970