The Hon. Richard A. Jones

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

UNITED STATES OF AMERICA,

NO. 2:09-cr-00209-RAJ

11

Plaintiff,

12

ORDER DISMISSING
THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET

v.

13

FRANK FRANCIS COLACURCIO JR.,

14

Defendant,

15

and

16

TEENA COLACURCIO,

17

Third-Party Claimant.

18

19

**I.      INTRODUCTION**

20       This matter comes before the Court on the United States' motion to dismiss third-

21  party claimant Teena Colacurcio's petition alleging an ownership interest in the

22  $19,608.50 (the "Subject Funds") preliminarily forfeited to the United States as a

23  substitute asset in partial satisfaction of the forfeiture money judgment entered against

24  Defendant Frank Francis Colacurcio Jr. (Ms. Colacurcio's former husband). *See* Dkt. No.

25  368. Having reviewed the parties' briefing, relevant record, and applicable law, the Court

26  hereby DISMISSES Ms. Colacurcio's petition.

27

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 1
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

## II.    BACKGROUND

**A.    Relevant Procedural Background**

On June 23, 2009, Defendant was charged by Indictment with *Conspiracy to Commit RICO – Racketeer Influenced and Corrupt Organizations)*, in violation of 18 U.S.C. § 1962(d) (Count 1); *Conspiracy to Engage in Money Laundering*, in violation of 18 U.S.C. § 1956(h) (Count 2); and *Mail Fraud*, in violation of 18 U.S.C. § 1341 (Counts 3-15). *See* Dkt. No. 1. The Indictment included forfeiture allegations, including a provision for the forfeiture of substitute assets. *Id.*

On June 25, 2010, Defendant pleaded guilty to *Conspiracy to Commit RICO – Racketeer Influenced and Corrupt Organizations)* (Count 1). *See* Dkt. No. 265. In his Plea Agreement, Defendant agreed to forfeit his right, title, and interest in various assets pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). *Id.*, ¶ 8. Those assets included a forfeiture money judgment in the amount of $1,300,000, which the parties agreed would be due and payable 12 months after entry of the Final Order of Forfeiture. *Id.*, ¶ 8(j).

On September 24, 2010, this Court entered a Preliminary Order of Forfeiture forfeiting Defendant's interest in the $1,300,000 forfeiture money judgment. *See* Dkt. No. 310. On that same date, the Court sentenced Defendant and incorporated the Preliminary Order of Forfeiture in the Judgment. *See* Dkt. No. 309.

On January 3, 2013, this Court entered a Final Order of Forfeiture concerning the $1,300,000 forfeiture money judgment (the "FOF"). *See* Dkt. No. 354.

On September 25, 2015, the United States recorded the FOF in Kitsap County, Washington, with respect to two parcels of land in which Defendant had an ownership interest. *See* Dkt. No. 364, ¶ 7, Exhibit A (FOF recorded with respect to parcel number 132601-4-008-2004), and Exhibit B (FOF recorded with respect to parcel number 132601-1-018-2008). Parcel number 132601-4-008-2004 is at issue in this case and is referred to herein as the "Poulsbo Real Property."

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 2
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.    The Preliminary Order of Forfeiture of Substitute Assets**

In early May of 2024, an escrow assistant with Pacific Northwest Title of Kitsap County (the "Title Company") contacted the United States about the recorded FOF, because the Title Company was handling a real estate transaction involving the Poulsbo Real Property. *See* Dkt. No. 364, ¶ 9. The anticipated transaction involved the City of Poulsbo's purchase of a portion of the Poulsbo Real Property (parcel number 132601-4-008-2004). *Id.* According to the Title Company, Defendant owned 50% of the Poulsbo Real Property. *Id.*, ¶ 11 and Exhibit C.

On May 21, 2024, the United States Marshals Service received a cashier's check in the amount of $19,608.50 (the Subject Funds) from the Title Company. Consistent with Defendant's 50% ownership interest in the Poulsbo Real Property, the Subject Funds represented 50% of the proceeds paid by the City of Poulsbo in the transaction. *Id.*, ¶ 12 and Exhibit C.

The United States moved for the forfeiture of the Subject Funds as substitute assets, for application toward Defendant's outstanding forfeiture money judgment balance. *See* Dkt. Nos. 363, 364 ¶ 8. The Court found that the United States had satisfied the requirements of 21 U.S.C. § 853(p)(1)(A) and issued a Preliminary Order of Substitute Assets for the Subject Funds (the "POFSA"). *See* Dkt. No. 365.

The United States published notice of the POFSA, *see* Dkt. No. 366, and mailed direct notice to potential claimants, including Ms. Colacurcio.

**C.    Ancillary Proceedings**

Ms. Colacurcio filed her Petition to the Subject Funds, which initiated the ancillary proceeding. *See* Dkt. No. 368; *see also* Fed. R. Crim. P. 32.2(e)(2)(B). Ms. Colacurcio's Petition claimed she had an interest in the Subject Funds because Defendant "failed to comply with court orders to pay medical expenses for his three children and attorneys fees awarded … in family court." Dkt. No. 368, at p. 1. Specifically, Ms. Colacurcio alleged that Defendant owed $11,997.96 for medical support for his children,

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 3
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

1  $196.98 in interest, and $30,000 in attorney fees, based upon two court orders entered in

2  King County Superior Court, in *In re the Marriage of Teena Colacurcio and Frank*

3  *Colacurcio, Jr.*, No. 03-3-09834-9 SEA. *Id.* at pp. 1, 9, 25. Ms. Colacurcio did not allege

4  that Defendant owed her back child support, but instead acknowledged that Defendant

5  may have already paid the child support owed to her.[1] *Id.* at p. 1. To support her Petition,

6  Ms. Colacurcio submitted the two King County orders: an Order of Child Support filed

7  on November 2, 2010 (*id.* at pp. 9-22) and an Order on Family Law Motion filed on

8  February 25, 2011 (*id.*, at pp. 23-25) (collectively, the "King County Orders").

9        Ms. Colacurcio did not otherwise allege that she had an ownership interest in the

10  Subject Funds or the Poulsbo Real Property. She did not allege that the King County

11  Orders had been recorded in Kitsap County. She did not allege that she was a bona fide

12  purchaser for value of the Subject Funds or the Poulsbo Real Property. *See* Dkt. No. 368.

13        As part of Court-authorized discovery, the United States served its Discovery

14  Requests on Ms. Colacurcio. In her responses to interrogatories, Ms. Colacurcio agreed to

15  the following facts, which are now undisputed:

16  - On or about September 25, 2015, the United States recorded the Final
     Order of Forfeiture in Kitsap County, Washington, with respect to real
17     property in Kitsap County, namely, parcel number 13260140082004,
       instrument number 201509250095. *See* Johnson Decl., ¶ 3, and Exhibit A at
18     pp. 4-5 (Response to Interrogatory No. 1).

19  - The Subject Funds resulted from the City of Poulsbo's acquisition of a
20     portion of parcel number 13260140082004. *Id.*, Exhibit A at p. 5 (Response
       to Interrogatory No. 2).
21

22  - The Order of Child Support was not recorded with the Kitsap County
       Auditor. *Id.*, Exhibit A at pp. 5-6 (Response to Interrogatory No. 3).
23

24  - The Order on Family Law Motion was not recorded with the Kitsap County
       Auditor. *Id.*, Exhibit A at p. 6 (Response to Interrogatory No. 4).
25

26  _____

27  [1] Ms. Colacurcio subsequently acknowledged that Defendant no longer owed her for unpaid child
    support. *See* Johnson Decl., Exhibit A at pp. 6-7 (Responses to Interrogatories Nos. 6-7).

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 4
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

- The Division of Child Support, Economic Services Administration, Washington State Department of Social and Health Services has closed its case against Mr. Colacurcio and is no longer enforcing child support, and Mr. Colacurcio no longer owes child support to Ms. Colacurcio. *Id.*, Exhibit A at pp. 6-7 (Responses to Interrogatory Nos. 6-7).

5

## III.   LEGAL STANDARD

6

7      Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure provides that "the

8 court may at any time enter an order of forfeiture … to include property that . . . is

9 substitute property that qualifies for forfeiture under an applicable statute."  Fed. R. Crim.

10 P. 32.2(e)(1)(B). If, as in the instant matter, a third party files a petition claiming an

11 interest in preliminarily forfeited substitute assets, the Court must conduct an ancillary

12 proceeding under Rule 32.2(c). *See* Fed. R. Crim. P. 32.2(e)(2)(B), 32.2(c)(1).

13      It is well established that only the "property of the defendant" may be forfeited as

14 "substitute property." *See* 21 U.S.C. § 853(p); *see also United States v. Lester*, 85 F.3d

15 1409, 1414-15 (9th Cir. 1996).

16      The procedures governing the ancillary proceeding are contained in 21 U.S.C.

17 § 853(n). The ancillary proceeding is the forum in which third parties are given the

18 opportunity to contest the forfeiture on the ground that the forfeited property belongs to

19 the third party, and not to the defendant. *See, e.g., United States v. Nava*, 404 F.3d 1119,

20 1124 (9th Cir. 2005) (in an ancillary proceeding under § 853, "the sole legal issue before

21 the court is the ownership interests of the competing parties") (quoting *United States v.*

22 *McHan*, 345 F.3d 262, 281 (4th Cir. 2003)).

23      Title 21, United States Code, Section 853(n)(6) establishes the sole bases upon

24 which a third-party claimant can establish an interest in criminally forfeited property

25 during an ancillary proceeding. Namely, to prevail in ancillary proceedings, a  claimant

26 must prove either (1) the claimant had a legal right, title, or interest in the property that

27 vested in the claimant rather than the defendant, or was superior to any right, title, or

interest of the defendant at the time of the commission of the acts that gave rise to the

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 5
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  forfeiture of the property, or (2) the claimant is a bona fide purchaser for value of the

2  right, title, or interest in the property and at the time of the purchase was reasonably

3  without cause to believe the property was subject to forfeiture. *See* 21 U.S.C.

4  §§ 853(n)(6)(A), (B); *see also United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir.

5  2007).  In other words, for a third party to prevail, the third party must show that it is the

6  "'rightful owner[]' of forfeited assets." *See United States v. 101 Houseco, LLC*, 22 F.4th

7  843, 848 (9th Cir. 2022) (citing *Caplin & Drysdale, Chartered, v. United States*, 491 U.S.

8  617, 629 (1989)). Third-party claimants are not permitted to challenge the underlying

9  basis for the forfeiture. *See, e.g., 101 Houseco, LLC*, 22 F.4th at 848-49.

10      State law determines whether a petitioner has a property interest, while federal law

11  determines whether that interest can be forfeited. *See, e.g., United States v. Hooper*, 229

12  F.3d 818, 820 (9th Cir. 2000) (citing *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir.

13  1996)).

14      Once a petition is filed in an ancillary proceeding, "the court may, on motion,

15  dismiss the petition for lack of standing, for failure to state a claim, or for any other

16  lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In considering the government's motion

17  to dismiss, "the facts set forth in the petition are assumed to be true." *Id.* "A motion to

18  dismiss a third-party petition in a forfeiture proceeding . . . is treated like a motion to

19  dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v.*

20  *Morgan*, 2:18-CR-00132-RAJ, 2022 WL 1443743, at *2 (W.D. Wash. May 6, 2022),

21  *aff'd sub nom. United States v. Guadalupe*, 22-35394, 2023 WL 2966038 (9th Cir.

22  Apr. 17, 2023) (quoting *United States v. Sigillito*, 938 F. Supp. 2d 877, 883 (E.D. Mo.

23  2013) (internal citation and quotation marks omitted)). Accordingly, the petition must

24  contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

25  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If "a third party fails to allege in its

26  petition all elements necessary for recovery, including those relating to standing, the

27  court may dismiss the petition without providing a hearing." *Morgan*, 2022 WL

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 6
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    1443743, at *2 (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F.

2    Supp. 31, 36 (D.D.C. 1996)).

### IV.    DISCUSSION

4    For purposes of ruling on the government's motion, the Court assumes that all

5    the facts alleged in Ms. Colacurcio's Petition are true and draws all reasonable

6    inferences in her favor. Nevertheless, the Court is dismissing her Petition.

**1.    Ms. Colacurcio Does Not Have Standing to Challenge the Forfeiture of
        the Subject Funds.**

8    A third-party claimant asserting an interest in criminally forfeited property must

9    satisfy Article III standing. *See United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th

10   Cir. 2007) (citations omitted). A "constitutional limitation of federal-court jurisdiction,"

11   Article III standing requires "actual cases and controversies," which means "personal

12   injury fairly traceable to ... unlawful conduct and likely to be redressed by the requested

13   relief." *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (1996) (citations and

14   quotation marks omitted).

15   In a forfeiture case, a claimant's Article III standing turns on whether the claimant

16   has a sufficient ownership interest in the property to create a case or controversy,

17   although this threshold burden is "not rigorous.'" *United States v. $4,224,958.57*, 392

18   F.3d 1002, 1005 (9th Cir. 2004) (quoting *United States v. One Lincoln Navigato*r, 328

19   F.3d 1011, 1013 (8th Cir. 2003)). To establish standing, a petitioner must allege that he

20   has an ownership or other right, title, or interest in forfeited property. *See, e.g.,*

21   *Lazarenko*, 476 F.3d at 650-51; *United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 n.10

22   (9th Cir. 1996) ("[S]imply alleging an ownership interest is sufficient to give [petitioners]

23   standing to challenge the forfeiture under § 853(n).").

24   In this case, Ms. Colacurcio has alleged that the King County Orders required

25   Defendant to pay their children's medical expenses, interest, and attorney fees. Even if

26   this debt is unpaid, however, that would not, under state law, establish a property interest

27

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 7
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   for Ms. Colacurcio in the Poulsbo Real Property or the Subject Funds, because the King

2   County Orders were entered in King County Superior Court, whereas the Poulsbo Real

3   Property is in Kitsap County.

4        Under Washington law, "[t]he real estate of any judgment debtor, and such as the

5   judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any

6   judgment of … the superior court…, and every such judgment shall be a lien thereupon to

7   commence as provided in RCW 4.56.200…" *See* RCW 4.56.190. Pursuant to

8   RCW4.56.200, "judgments of the superior court for any county *other than that in which*

9   *the real estate of the judgment debtor to be affected is situated*," commence as liens on

10  the judgment debtor's real estate "from the time of the filing of a duly certified abstract of

11  such judgment with the county clerk of the county in which the real estate of the

12  judgment debtor to be affected is situated." *See* RCW 4.56.200(3) (emphasis added).

13  Because the King County Orders were entered in King County, and the Poulsbo Real

14  Property is in Kitsap County, Ms. Colacurcio is not a secured creditor of Defendant, at

15  least insofar as to the Poulsbo Real Property and the Subject Funds.

16       Unsecured creditors lack standing to contest the forfeiture of a defendant's

17  property. *See, e.g*, *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185,

18  1191 (D.C. Cir. 1995) (bank depositors are unsecured creditors who lack standing to

19  contest the forfeiture of the bank's funds); *United States v. Schwimmer*, 968 F.2d 1570,

20  1581 (2d Cir. 1992) (unsecured creditors lack standing to contest a criminal forfeiture);

21  *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988) (trade creditors are

22  unsecured creditors without standing to contest the forfeiture of the debtor's property); *cf.*

23  *United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir. 1994) (unsecured

24  creditor lacked standing to challenge civil forfeiture of property that government seized

25  from businesses). In *Schwimmer*, the Second Circuit explained:

26       A general creditor has no interest in a particular asset or particular funds that
     is either vested or superior to a defendant's. *He may have a right to receive*
27   *payment, but he does not have a property interest superior to defendant's in*

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 8
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4

*any particular asset or funds until he has obtained some judgment and secures that asset or those funds.* At that point, he is no longer merely a general creditor. Thus, the property remains property of the defendant even as against the claim of a general creditor. The general creditor's interest therefore does not threaten to undermine the Court's jurisdiction over the property, and does not invalidate the order of forfeiture.

5   *Schwimmer*, 968 F.2d at 1581 (emphasis added). In other words, "a general creditor does

6   not possess an interest in a particular, specific asset that is, or is part of, the forfeited

7   property and does not meet the statutory requirements for initiating an ancillary

8   proceeding under section 853(n)." *See United States v. White*, 675 F.3d 1073, 1080-81

9   (8th Cir. 2012) (citations and quotation marks omitted); *see also United States v. Watkins*,

10  320 F.3d 1279, 1283-84 (11th Cir. 2023).

11          In the instant case, Ms. Colacurcio has alleged that Defendant owes her money.

12  However, that is not enough to establish standing to challenge the forfeiture of the

13  Subject Funds. Accordingly, her Petition is subject to dismissal on this basis.

14          **2.      The Petition Does Not Satisfy the Requirements of Section 853(n)(3) and Should Be Dismissed.**

15

16          Petitions in ancillary proceedings are governed by 21 U.S.C. § 853(n). Section

17  853(n)(3) requires the petition to be "signed under penalty of perjury" and "set forth the

18  nature and extent of the petitioner's right, title, or interest in the property, the time and

19  circumstances of the petitioner's acquisition of the right, title or interest in the property,

20  any additional facts supporting the petitioner's claim, and the relief sought." *See* 21

21  U.S.C. § 853(n)(3). A third-party claimant to preliminarily forfeited property must satisfy

22  § 853(n)(3). *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005);

23          A petition's failure to comply with the technical requirements of § 853(n)(3) can

24  result in its dismissal. *See, e.g., United States v. Kinzel*, 2:22-cr-00187-LK, 2024 WL

25  3598871, at *2 (W.D. Wash. July 31, 2024); *United States v. Reznick*, No. 1:19-mc-

26  51178-TLL-PTM, 2019 WL 6496571 (E.D. Mich. Dec. 3, 2019; *United States v. Walker*,

27  4:16-cr-00111-BLW, 2018 WL 2323464, at *3 (D. Idaho May 22, 2018) (collecting

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 9
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

1 | cases); *United States v. McDonald*, 18 F. Supp. 3d 13, 16 (D. Me. 2014) (section

2 | 853(n)(3) "requires more than a mere sworn assertion of 'right, title, or interest'" in

3 | property and "mandates specificity as to how the claimant came to acquire it."). For

4 | example, in *United States v. Sarabia-Ramirez*, the court dismissed a third-party petition

5 | that failed to comply with the requirements of § 853(n)(3) and contained only "general

6 | and conclusory allegations" of ownership of seized currency. *See United States v.*

7 | *Sarabia-Ramirez*, No. 1:14-cr-00226-DAD-BAM-3, 2019 WL 1493338, at * 2 (E.D. Cal.

8 | Apr. 4, 2019) ("[T]he law requires more than a bare assertion of legal title to establish the

9 | nature and extent of petitioner's right, title, or interest in the subject property") (quoting

10 | *United States v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20,

11 | 2007)).

12 |      In the instant case, Ms. Colacurcio's Petition fails to satisfy the technical

13 | requirements of § 853(n)(3), in that she has not alleged *any* ownership interest in the

14 | Subject Funds themselves, let alone how and when she came to acquire her interest.

15 | Accordingly, her Petition is subject to dismissal on this basis as well.

16 |      **3.      Because the Petition Does Not State a Claim, It Should Be Dismissed.**

17 |      As set forth above, to prevail in ancillary proceedings, a claimant must prove

18 | either (1) the claimant had a legal right, title, or interest in the property that vested in the

19 | claimant rather than the defendant, or was superior to any right, title, or interest of the

20 | defendant at the time of the commission of the acts that gave rise to the forfeiture of the

21 | property, or (2) the claimant is a bona fide purchaser for value of the right, title, or

22 | interest in the property and at the time of the purchase was reasonably without cause to

23 | believe the property was subject to forfeiture. *See* 21 U.S.C. §§ 853(n)(6)(A), (B); *see*

24 | *Nava*, 404 F.3d at 1125.

25 |      Ms. Colacurcio has not alleged an interest under either 21 U.S.C. §§ 853(n)(6)(A)

26 | or (B), which are the only avenues for success for a petitioner. Ms. Colacurcio has not

27 | alleged that she is a bona fide purchaser for value of the Subject Funds (or of the Poulsbo

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 10
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Real Property). Further, because the King County Orders do not create a judgment lien in

2    her favor, she does not have a superior legal interest in the Subject Funds (or in the

3    Poulsbo Real Property). Accordingly, she has failed to allege a cognizable claim under 21

4    U.S.C. § 853(n)(6), and her Petition is subject to dismissal on this basis as well.

5                              **V.    CONCLUSION**

6            As set forth above, Ms. Colacurcio does not have standing to contest the forfeiture

7    of the Subject Funds; she has not satisfied the requirements of 21 U.S.C. § 853(n)(3); and

8    she has failed to state a cognizable claim under 21 U.S.C. § 853(n)(6). Accordingly, the

9    Court hereby **DISMISSES** Ms. Colacurcio's Petition. The ancillary hearing on the

10   Petition set for April 4, 2025 at 9:00 a.m. is **STRICKEN**.

11

12           DATED this 12th day of February, 2025.

13

14   _____

15   The Honorable Richard A. Jones
     United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

ORDER DISMISSING THIRD-PARTY PETITION
AS TO SUBSTITUTE ASSET - 11
*United States v. Colacurcio,* 2:09-cr-00209-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970